IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| U.S. ENERGY CORP., a Wyoming corporation<br>and ENERGY ONE LLC., a Wyoming<br>limited liability company<br><br>*Plaintiffs*,<br><br>APEG ENERGY II, LP, a Texas limited<br>Partnership and APEG ENERGY II GP, LLC<br>A Texas limited liability company<br><br>*Defendants*. | CIVIL NO. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, Defendants **APEG ENERGY II, LP and APEG ENERGY II GP, LLC** (collectively "Defendants") file this Notice of Removal from the 190th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. In support of this Notice of Removal, Defendants state as follows:

### INTRODUCTION

1. On March 1, 2019, Plaintiffs U.S. Energy Corp and its wholly-owned subsidiary, Energy One, LLC ("Plaintiffs") filed its Original Petition (the

"Petition") in the 190th Judicial District Court of Harris County, Texas, Cause No 2019-15528.

2. In its Petition, Plaintiff asserts various causes of action that each relate to certain loan documents and that certain Deposit Account Control Agreement (the "DACA") dated as of August 27, 2015 by and among the Plaintiff/Borrower, Wells Fargo and First Interstate Bank.

3. Wells Fargo assigned all of its rights under the Loan Documents to Defendants pursuant to the terms of a Loan Sale Agreement, dated as of April 21, 2017, and a Master Assignment, Resignation and Appointment Agreement, dated May 2, 2017.

4. Plaintiff and Defendant entered into an Exchange Agreement on September 28, 2018 (the "Exchange Agreement"), whereby Defendants agreed to convert $5,063,380 of the loan balance into shares of common stock of the Guarantor – US Energy Corp. in consideration of a conversion fee of $600,000, payable upon the date of the issuance of the shares to Defendants plus a covenant to register the issued shares for public resale pursuant to a Form S-1 no later than December 31, 2017. The shares were issued to Defendants on December 27, 2017 ("Issuance Date"), however, the Conversion Fee was not paid until March 19, 2018.

5. Almost immediately, Plaintiffs defaulted their obligations under Section 10.01(b) of the Credit Agreement, as amended, for failing to pay the $600,000 upon the issuance of the stock to Lender under the Exchange Agreement. The Credit Agreement provides for default interest to accrue at the ABR rate, plus 2%, which equals 10.75% from the date the payment was due, December 27, 2017, through the date it was received by Lender, which occurred on March 19, 2018. The Per Diem Interest equals 179.16/day x 82 days = $14,691.12. In March 2018, Lender demanded that Borrower remit this amount, plus reimbursement of Lender's attorney fees incurred in this matter in the amount of $1,500.00 by March 30th, 2018. Borrower never cured this default, and default interests continues to accrue on all amounts outstanding under this default.

6. Despite multiple request over a 12-month period, Plaintiffs defaulted on its obligation under the Exchange Agreement by refusing to file the Form S-1 registering Defendant's shares for public resale. Failure to register Lender's shares is a default under Section 10.01(e) of the Credit Agreement.

7. Defendants provided written notification of default to Plaintiffs on February 21, 2019. Plaintiffs failed to cure such defaults.

8. Defendants provided written notice under the Deposit Account Control Agreement with First Interstate Bank to terminate access to the accounts controlled thereby by Plaintiffs.

9. Defendants provided written notice of defaults again, plus notice of rescission of the Exchange Agreement, and exercise of rights under the Stock Pledge Agreements on February 28, 2019.

10. Defendants provided written notice of demand to transfer funds to First Interstate Bank per its rights under the DACA, and on March 1, 2019, First Interstate Bank complied with said order.

## NOTICE OF REMOVAL IS TIMELY

11. A defendant may file a notice to remove a case within 30 days after it receives the initial pleading. 28 U.S.C. §1446(b)(1). On or about March 1, 2019, Defendants received the Petition. Defendants file this Notice of Removal within 30 days of receipt of the initial pleadings as required by 28 U.S.C. §1446(b)(1). Accordingly, removal of this action is timely. No previous application for removal has been made.

12. The United States District Court for the Southern District of Texas, Houston Division, is the proper place to file this Notice of Removal because it is the federal district court and division embracing the place where the original action was filed and is pending. 28 U.S.C. §1441(a).

## COMPLETE DIVERSITY JURISDICTION EXISTS

13. Removal is proper in this case because there is complete diversity of citizenship between the parties and the alleged amount in controversy exceeds

$75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

14. The Plaintiffs and all defendants are citizens of different states. Plaintiff U.S. Energy Corp, upon information and belief, is a Wyoming corporation with its "nerve center" in Denver, Colorado. Plaintiff Energy One, LLC, upon information and belief, is a Wyoming limited liability company and is a wholly-owned subsidiary of Plaintiff U.S. Energy Corp. Therefore, for purposes of citizenship, both Plaintiffs are residents of Colorado.

15. Defendant Apeg Energy II, LP, is a Texas limited partnership that engages in business within the State of Texas.

16. Defendant Apeg Energy II GP, LLC is a Texas limited liability company that engages in business within the State of Texas. It is the general partner of Defendant Apeg Energy II, LP.

## JURY

17. No jury demand was made in the state court proceedings.

## PROCEDURAL ISSUES

18. As this action is removed solely under 28 U.S.C. §1441(a), all properly-joined defendants must join in or consent to removal. *See* 28 U.S.C. §1446(b)(2)(A). Defendants are the only defendants that are parties in this suit, and Defendants all consent to removal.

19. Written notice of the filing of this written Notice of Removal is being

served on all parties through their counsel of record.

20.     A copy of this Notice of Removal will be promptly filed with the Harris County, Texas District Clerk.

21.     In accordance with Southern District of Texas Local Rule LR81 and 28 U.S.C. § 1446(a), attached as appendices hereto are:

    a.    All executed process in the case;

    b.    Pleadings asserting causes of action,

    c.    All orders signed by the state judge;

    d.    The docket sheet:

    e.    An index of matters being filed; and

    f.    A list of all counsel of record, including addresses, telephone numbers and parties represented.

## CONCLUSION

22.     As demonstrated above, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332.

23.     All properly-joined defendants join in or consent to this removal, which is timely filed and pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action" is attached.

24.     A copy of this Notice of Removal is being served on Plaintiffs and filed with the 190th Judicial District Court of Harris County, Texas.

## PRAYER

WHEREFORE, Defendants **APEG ENERGY II, LP and APEG ENERGY II GP, LLC** give notice that the matter styled as Cause No. 2019-15528, *U.S. Energy Corp v. APEG ENERGY II, LP and APEG ENERGY II GP, LLC* in the 190th District Court, Harris County, Texas, is removed to the United States District Court for the Southern District of Texas, Houston Division, and request that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

THE KRAUS LAW FIRM

*/s/ Jason D. Kraus*

JASON D. KRAUS
SBOT# 24058234
SD Tex. 895467
5625 Cypress Creek Parkway, Ste. 308
Houston, Texas 77069
281-781-8677 Telephone
281-840-5611 Facsimile
Email: jdk@krausattorneys.com

ATTORNEYS FOR DEFENDANTS

## Certificate of Service

I certify that on March 4, 2019, a true and correct copy of the above and foregoing was filed on the CM/ECF system and served to all counsel of record via email.

_____
JASON D. KRAUS